UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WORLD TRADE CENTERS ASSOCIATION, INC., ) ) ) Plaintiff, ) ) v. ) ) WORLD TRADE ILLINOIS, and ) WILLIAM LADA, ) ) Defendants. ) | Case No. 14-cv-6237 Judge John W. Darrah |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff, World Trade Centers Association, Inc., filed a motion to hold Defendants, World Trade Illinois and William Lada, in contempt. Plaintiff's Motion to Hold Defendants in Contempt [26] is granted.

### **BACKGROUND**

Plaintiff filed a trademark infringement action against Defendants on August 13, 2014. On November 25, 2014, the parties entered into a Consent Judgment prohibiting Defendants from, among other things:

> . . . using in any manner the WTCA Marks, as defined in paragraph 2 of the Amended Complaint[1], or any other designation that is confusingly similar to the WTCA Marks, so as to be likely to cause confusion, deception or mistake in connection with the offering of trade and business related services, or to dilute the distinctive quality of the WTCA Marks, including but not limited to: (i) the term "African World Trade Center Institute"; (ii) the term "World Trade Illinois";
> (iii) the term "WTI"; (iv) the domain name <wtcil.org>; (v) the domain name <awtci.org>; (vi) the domain name <awtcil.com>; (vii) the Twitter handle "World Trade Illinois@WTC_Chicago"; and (viii) any logo using a spinning globe design.

---

[1] The WTCA Marks were defined as WORLD TRADE CENTER®, WTC®, and a Map Design Logo. (Dkt. 17 at 1.)

(Dkt. 25, at 2.) On March 26, 2015, Plaintiff filed a Motion to Hold Defendants in Contempt [26] for Defendants' alleged failure to comply with the consent decree. Plaintiff requests that the Court impose a daily fine of $1,000 against Defendants, beginning ten days after the ruling on this motion, until such time as Defendants fully comply with the consent decree. Plaintiff also asks for attorneys fees and costs incurred in bringing the contempt motion.

On April 4, 2015, this Court entered a briefing schedule with Defendants' response to the contempt motion due by April 30, 2015. Defendants failed to file a response or appear in court. On May 14, 2015, Plaintiff filed a Motion for Ruling [37] on its Motion to Hold Defendants in Contempt, pursuant to Local Rule 78.3. The Motion for Ruling was granted on June 9, 2015.

## LEGAL STANDARD

To sustain a contempt finding, Plaintiff must prove four elements by clear and convincing evidence: "(1) the order sets forth an unambiguous command; (2) the respondent violated that command; (3) the respondent's violation was significant, meaning it did not substantially comply with the order; and (4) the respondent failed to take steps to reasonably and diligently comply with the order." *F.T.C. v. Asia Pac. Telecom, Inc.*, 788 F. Supp. 2d 779, 789 (N.D. Ill. 2011) (citing *Prima Tek II, LLC v. Klerk's Plastic Indus., B.V.*, 525 F.3d 533, 542 (7th Cir. 2008)).

## ANALYSIS

Plaintiff alleges that Defendants have not complied with the consent decree. Specifically, Defendants: (1) continue to promote the "African World Trade Center Institute" on their website accessible at http://www.wtcil.org/; (2) continue to use the term "World Trade Illinois,"; (3) continued to use the term "WTI,"; (4) continue to use the domain name <wtcil.org>; (5) continue to use the Twitter handle "World Trade Illinois@WTC_Chicago,"; and

(6) continue to use multiple spinning globe designs in various ways, including on social media. "Sanctions for civil contempt are designed either to compel the contemnor into compliance with an existing court order or to compensate the complainant for losses sustained as a result of the contumacy." *United States v. Dowell*, 257 F.3d 694, 699 (7th Cir. 2001) (citing *Jones v. Lincoln Elec. Co.*, 188 F.3d 709, 738 (7th Cir. 1999)). "Coercive sanctions seek to induce future behavior by attempting to coerce a recalcitrant party or witness to comply with an express court directive." *Dowell*, 257 F.3d at 699. In contrast, remedial sanctions are "backward-looking and seek to compensate an aggrieved party for losses sustained as a result of the contemnor's disobedience." *Id.*

Plaintiff claims that it has made repeated attempts to secure Defendants' compliance with the Consent Judgment but has failed to do so. (Dkt. 28, ¶¶ 5-11; Dkt. 28, Exh. 3-8.) Plaintiff also attaches screenshots of the World Trade Illinois website, LinkedIn, and Twitter that show several clear violations of the consent decree. (Dkt. 28, Exh. 9, 10, 11.) Plaintiff has shown, by clear and convincing evidence, that Defendants have substantially violated the unambiguous commands in the consent decree by failing to take steps to reasonably and diligently comply with the order. Plaintiff's Motion is granted.

## CONCLUSION

Plaintiff's Motion to Hold Defendants in Contempt [26] is granted. Defendants shall pay a daily fine of $1,000, beginning ten days after the ruling on this motion, and until such time as Defendants fully comply with the consent decree. Plaintiff's request for attorneys' fees and costs incurred in bringing the contempt motion is granted. Plaintiff, within thirty days, shall submit a petition for attorneys fees and costs incurred.

Date:     June 15, 2015                                      
JOHN W. DARRAH
United States District Court Judge